**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| LAURA LT WINDSOR, | ) | CASE NO: 5:18CV1534 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **Report & Recommendation** |
| | ) | **(Doc. No. 2)** |

Plaintiff, Laura LT Windsor ("Plaintiff"), challenges the final decision of Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying her application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) & 423 ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2 for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. (Doc. No. 2.) For the reasons set forth below, it is recommended Plaintiff's IFP motion be DENIED.

**I.    Relevant Background**

On July 6, 2018, Plaintiff, through counsel, filed a Complaint challenging the final decision of the Commissioner denying her application for social security disability benefits. (Doc. No. 1.) A motion to proceed IFP was filed the same day. (Doc. No. 2.)

In her Motion, Plaintiff reports her spouse's gross average monthly income over the past 12 months is $4,244 and that her spouse expects to receive the same amount in gross monthly income next month. (Doc. No. 2-1 at 1-2.) Plaintiff reports a total of $1,500 in checking

accounts and $2,000 in a saving account, as well as $200 in cash. (*Id*. at 2.) She also reports owning two vehicles, valued at $5000 and $9000 respectively. (*Id*.) Plaintiff does not report any dependents. (*Id*. at 3.)

Plaintiff's monthly liabilities total $3,949 consisting of: rent or mortgage payments ($490); utilities ($175); food ($600); clothing ($100); laundry and dry cleaning ($25); medical and dental expenses ($150); transportation ($250); recreation and entertainment ($50); insurance ($200); local taxes ($25); credit card payments ($1539); internet/TV ($120); and student loans ($225). (*Id.* at 3-4.)

**II.    Law and Analysis**

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 Fed. Appx. 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without *undue* hardship." *Id* (emphasis added).

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781,

*1, n1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, *2 (E.D. Mich. Oct, 16, 2012); *Levet v. Comm'r of Soc. Sec.,* 2014 WL 3508893 at * 2 (N.D. Ohio July 15, 2014); *see also Reynolds v. Crawford*, 2009 WL 3908911 at * 1 (S.D. Ohio Nov. 17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn) aff'd, 788 F.2d 1 (2d Cir. 1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). The decision whether to permit a litigant to proceed IFP is within the Court's discretion. *Id*. *See also Ciavarella v. Comm'r of Soc. Sec.*, 2013 WL 5354091 at * 1 (N.D. Ohio Sept. 24, 2013).

Here, Plaintiff's application reflects she and her spouse received an average gross income of $4,244 per month over the past twelve months and, further, that they expect to receive the same gross monthly income of $4,244 in the future. (Doc. No. 2-1 at 1.) Thus, Plaintiff's average gross monthly income exceeds her average monthly expenses of $3,949.00, by a total of $295.

The Court further notes Plaintiff reports she and her spouse have a significant amount of money in cash, checking, and savings. Specifically, she reports $2000 in savings, $1500 in checking and $200 in cash. (*Id.* at 2.) Plaintiff also reports two newer motor vehicles, valued collectively at $14,000. (*Id.*) The Court recognizes Plaintiff's statement she must spend a significant amount of money on food each month due to her dietary restrictions. (*Id.* at 4-5.) However, despite her reported $600 monthly food bill, Plaintiff still reports $3,700 in combined

3

cash and checking/savings accounts. Thus, and combined with the fact she and her spouse's average monthly gross income exceeds their expenses by $295 per month, it does not appear the cost of filing would impose an undue hardship on Plaintiff. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander*, 2012 WL 5457466 at *2.[1] Accordingly, it is recommended the Court find Plaintiff is not eligible to proceed IFP in this Court.

## III. Conclusion

For the foregoing reasons, it is recommended Plaintiff's Motion for Leave to Proceed IFP (Doc. No. 2) be DENIED. It is further recommended that, if this Report & Recommendation is adopted, Plaintiff be ordered to pay the $400 filing fee within fourteen (14) days of the date of any such Order.

Date: July 10, 2018                             *s/ Jonathan D. Greenberg*
                                                Jonathan D. Greenberg
                                                U.S. Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United*

---

[1] Assuming they received $4,244 in average gross monthly income over the past 12 months, Plaintiff and his spouse had a yearly income of $50,928, which well exceeds the 2018 Poverty Guideline for a family of two, which is $16,460. *See* http://aspe.hhs.gov/poverty-guidelines. Although not the required standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is in poverty and, thus, likely unable to pay the filing fee.

4

*States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**